DAYLE ELIESON
United States Attorney
CRISTINA D. SILVA
Nevada Bar No. 13760
PATRICK BURNS
Nevada Bar No. 11779
NICHOLAS D. DICKINSON
ANDREW W. DUNCAN
Assistant United States Attorneys
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada  89101
PHONE: (702) 388-6336
FAX:  (702) 388-5087
cristina.silva@usdoj.gov
john.p.burns@usdoj.gov
nicholas.dickinson@usdoj.gov
andrew.duncan@usdoj.gov

*Attorneys for the United States*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| IN RE: SEALED WARRANT AFFIDAVITS FOR THE SEARCH OF 1372 BABBLING COURT, MESQUITE, NEVADA AND ANY OTHER SEARCH WARRANTS CONNECTED TO STEPHEN A. PADDOCK OR THE CRIMES COMMITTED OCTOBER 1, 2017 AT THE ROUTE 91 HARVEST COUNTRY MUSIC FESTIVAL | 2:17-cv-02775-JAD-PAL<br><br>Government's Response to the Petitioner's Motion to Unseal (ECF No. 1) |

The United States of America, by and through its attorneys, DAYLE ELIESON, United States Attorney, District of Nevada, and Cristina D. Silva, Patrick Burns, Nicholas Dickinson, and Andrew W. Duncan, Assistant United States Attorneys, hereby files this response to Plaintiff's petition to unseal (hereinafter "the Petition").

1

**POINTS AND AUTHORITIES**

### I.    *Summary of the Response*

Plaintiffs move this Court to unseal the affidavits of probable cause in support of one or more warrants issued by the United States District Court to search 1372 Babbling Brook Court in Mesquite, Nevada, and any other locations connected with the investigation into Stephen A. Paddock and mass shooting that occurred on October 1, 2017 in Las Vegas, Nevada.[1] With limited exception, the United States does not object to unsealing the documents specifically requested in the Petition.  As a result, the United States respectfully requests that the Court grant the petitioners motion *in part*. The United States does seek to have certain, limited information redacted and/or maintained under seal.

### II.    *Legal Standard*

The Fourth Amendment provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation." The specific statutory rules for obtaining a search warrant are contained in Federal Rule of Criminal Procedure 41, which requires a law enforcement officer to present an affidavit to the court in support of any warrant.[2] Once the court receives such an affidavit and issues a search warrant, it has the "inherent power" to place the affidavit under seal.[3]  The Ninth Circuit has held that the public's

---

[1]    *See* ECF No. 1 at 4.
[2]    Fed. R. Crim. P. 41(d)(2).
[3]    *Times Mirror Co. v. United States*, 873 F.2d 1210, 1213, fn.3 (9th Cir. 1989) (citing *Matter of Sealed Affidavit(s) to Search Warrants Executed on Feb. 14, 1979*, 600 F.2d 1256, 1258 (9th Cir. 1979)); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598, (1978) ( "Every court has supervisory power over its own records and files").

right of access to judicial documents "is not absolute and can be overridden given sufficiently compelling reasons for doing so."[4]

Once a search warrant affidavit has been placed under seal, Courts must analyze two distinct interests in gaining access to the materials: (1) whether the place and process have historically been open to the press and general public; and (2) whether "public access plays a significant positive role in the functioning of the particular process in question."[5] The Ninth Circuit, and some sister Courts, has also recognized a limited common law right of access to judicial documents, however, the Court has not extended that right to search warrant materials in a pre-indictment context.[6] The Ninth Circuit has also held that because search warrant proceedings were not traditionally open, "members of the public have no First Amendment right" to access sealed search warrant affidavits during the pendency of an investigation.[7] Several District Court cases reached a different conclusion, acknowledging a limited right to access.[8]

While there is no uniformity as to the precise Constitutional rights that apply to sealed search warrants, the United States is unaware of any authority recognizing an

---

[4] *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).
[5] *Press–Enterprise Co. v. Superior Court*, 478 U.S. 1, 8–9 (1986) ("*Press–Enterprise II*").
[6] *See generally, id.* at 1219; *see also Baltimore Sun Co. v. Goetz*, 886 F.2d 60 (4th Cir. 1989) (holding the press does not have a First Amendment right to access a search warrant affidavit); *In re Search of Fair Fin.*, 692 F.3d 424, 433 (6th Cir. 2012) ("We conclude there is no First Amendment right of access to documents filed in search warrant proceedings"); *Matter of EyeCare Physicians of Am.*, 100 F.3d 514 (7th Cir. 1996) (same); *but see In re Search Warrant for Secretarial Area Outside Office of Gunn*, 855 F.2d 569, 573 (8th Cir. 1988) (opposite).
[7] *Times Mirror Co*, 873 F.2d 1218.
[8] *See Matter of Up N. Plastics, Inc.,* 940 F.Supp. 229, 232 (D.Minn. 1996) (a person whose property has been seized pursuant to a search warrant has a right to inspect and copy the search warrant affidavit); *In re Search of 8420 Ocean Gateway Easton, Maryland,* 353 F.Supp.2d 577, 579 (D.Md. 2004) (same).

3

*absolute* right to access. Instead, the decisions agree that District Courts retain a great deal of discretion in making individualized determinations as to what should be sealed.[9]

### III. Argument

After considering and balancing the two interests regarding the sealed search warrants, the United States respectfully requests that the Court grant, *in part*, the specific relief the petitioners desire; that is "to unseal the affidavit(s) of probable cause in support of one or more warrants issued by the Court and authorizing agents of the Federal Bureau of Investigation (FBI) to search the premises located at 1372 Babbling Brook Court, Mesquite, Nevada and any other locations connected with the investigation of Stephen Paddock and/or the crimes committed on October l, 2017 against people attending the Route 91 Harvest Country Music Festival in Las Vegas…."[10] In order to facilitate the unsealing of the warrants and affidavits requested in the Petition, the United States has prepared an exhibit with all of the warrants and affidavits, which will be filed unsealed contemporaneous to the file of this response. The prepared exhibit will be redacted, and the one exhibit the United States seeks to keep sealed will be not included.

The United States asks that the Petition be granted only in part because it

---

[9] *See e.g. Nixon*, 435 U.S. at 599 ("decision as to access [to judicial records and documents] is one best left to the sound discretion of the trial court."); *Goetz*, 886 F.2d at 65 ("the common law qualified right of access to the warrant papers is committed to the sound discretion of the judicial officer who issued the warrant"); *United States v. Mann*, 829 F.2d 849, 853 (9th Cir. 1987) (holding the district court enjoys broad discretion in exercising its supervisory power to seal documents); *In re Nat'l Broadcasting Co.*, 653 F.2d 609 (D.C. Cir. 1981) (the right of access must be reconciled with legitimate countervailing public or private interests, therefore the decision about what should be sealed rests in the sound discretion of the trial court.); *see also Siedle v. Putnam Invs., Inc.*, 147 F.3d 7, 10 (1st Cir. 1998) ("The trial court enjoys considerable leeway in making decisions of this sort.").

[10] ECF No. 1 at 4.

respectfully requests that very limited information be redacted from one warrant,[11] and that an exhibit to the same warrant remain under seal. The United States requests that the information be redacted and remain sealed because it is the subject of pending state court litigation. The exhibit at issue remains sealed in the Clark County District Court. The United States respectfully requests that that litigation be resolved prior to the United States further examining the exhibit to determine if it should be unsealed in accordance with the Petition. The United States will provide a copy of the warrant (with the sealed exhibit), and an unredacted version of the affidavit for *in camera* review.

## CONCLUSION

For the reasons set forth herein, the United States respectfully requests the Court grant the specific request included in petitioners' motion *in part,* and thereafter unseal the sealed exhibit accompanying this response to facilitate the relief sought in the Petition.

Dated this 6th day of January, 2018.

        Respectfully Submitted,

        DAYLE ELIESON
        United States Attorney

        //s//
        CRISTINA D. SILVA
        PATRICK BURNS
        NICHOLAS DICKINSON
        ANDREW W. DUNCAN
        Assistant United States Attorneys

---

[11] The United States notes that Paddock's date of birth is redacted from a second warrant pursuant to the local rules. *See* LR IC 6-1(3).

## **CERTIFICATE OF SERVICE**

This is to certify that the undersigned has served counsel for the Petitioners a copy of the foregoing by means of electronic filing.

DATE: January 5, 2018.

                                           */s/ Cristina D. Silva*
                                           CRISTINA D. SILVA
                                           Assistant United States Attorney